25 F.3d 1042
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Darvin Legette MCDONALD, Jr., Defendant-Appellant.
 No. 93-5756.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 24, 1994.
Decided: June 14, 1994.
 
 Appeal from the United States District Court for the Middle District of North Carolina, at Rockingham. Richard C. Erwin, Senior District Judge. (CR-90-266-R)
 J. David James, Smith, Follin & James, Greensboro, NC, for appellant.
 Benjamin H. White, Jr., U.S. Atty., Paul A. Weinman, Asst. U.S. Atty., Greensboro, NC, for appellee.
 M.D.N.C.
 AFFIRMED.
 Before WIDENER, WILKINSON, and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Darvin Legette McDonald, Jr., appeals the district court's imposition of sentence at the upper end of the applicable sentencing guidelines range for violation of supervised release. For the reasons stated below, we affirm McDonald's sentence.
 
 
 2
 McDonald does not dispute that he violated his supervised release. Nor does he contend that the range was improperly calculated; instead, he claims only that he should have been sentenced at the low end, rather than the high end of the six to twelve month range. See United States Sentencing Commission, Guidelines Manual, Secs. 7B1.1-7B1.4 (Nov.1992). This Court has no jurisdiction to review a sentence which falls within a correctly calculated guidelines range. United States v. Porter, 909 F.2d 789, 794 (4th Cir.1990). Accordingly, McDonald's challenge to the district court's exercise of discretion in setting his sentence does not state an appealable question under 18 U.S.C. Sec. 3742 (1988 & Supp.1994).
 
 
 3
 In addition, McDonald contends that his attorney was ineffective for failing to call certain witnesses at the sentencing hearing, asserting that his sentence would have been lower had these witnesses testified. To prevail on an ineffective assistance claim, McDonald must show that defense counsel's representation fell below an objective standard of reasonably effective assistance under prevailing professional norms, and that but for counsel's unprofessional errors the outcome of the proceeding would have been different. See Strickland v. Washington, 466 U.S. 668, 687-88, 694 (1984); Briley v. Bass, 750 F.2d 1238, 1247 (4th Cir.1984), cert. denied, 470 U.S. 1088 (1985). We note that counsel for McDonald called both McDonald's supervisor, and McDonald himself. Counsel's failure to call additional witnesses does not prove either the requisite error or prejudice elements required by Strickland to support a claim of ineffective assistance.
 
 
 4
 We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 AFFIRMED